UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARREN E. BELL, JR., <br><br> Petitioner, <br><br> v. <br><br> JASON BENNETT, Superintendent, Stafford Creek Corrections Center, <br><br> Respondent. | CASE NO. 2:24-cv-01204-JNW <br><br> ORDER OVERRULING OBJECTIONS, AND ADOPTING REPORT AND RECOMMENDATION |

The Court considers the Report and Recommendation ("R&R") of United Magistrate Judge Brian A. Tsuchida, Dkt. No. 4, and Petitioner Warren Bell's objections to the R&R, Dkt. No. 5. The R&R recommends denying Bell's application to proceed in forma pauperis ("IFP") because Bell has sufficient funds to pay the $5.00 filing fee for his federal habeas petition. Bell has submitted nine, timely objections to the R&R. For the reasons below, the Court OVERRULES Bell's objections, Dkt. No. 5, and ADOPTS the R&R, Dkt. No. 4.

**1.  RULINGS ON BELL'S OBJECTIONS**

Federal Rule of Civil Procedure 72 allows a party to file written objections to an R&R within fourteen days. Fed. R. Civ. P. 72(b)(2). The objections must be

ORDER - 1

"specific" and relate "to the [R&R's] proposed findings and recommendations." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

**Objection Nos. 1–2: Overruled.**

Bell vaguely objects to the "entire" R&R. Dkt. No. 5 at 1. He also maintains that the R&R "failed to apply 28 U.S.C. § 1915." Dkt. No. 5 at 1. Given the Court's duty to construe pro se pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court construes these objections, together, as a challenge to Judge Tsuchida's IFP determination and reviews Judge Tsuchida's IFP determination de novo. *See* Fed. R. Civ. P. 72(b)(3).

After considering Bell's IFP application, the remainder of the record, and the law, the Court finds that Bell can pay the $5.00 filing fee for his federal habeas petition. *See* Dkt. No. 1-9 (prisoner trust account showing $150.00 as "Average Monthly Receipts"). Thus, under Section 1915, Bell must pay the filing fee. 28 U.S.C. § 1915(b)(1), (4).

**Objection Nos. 3–9: Overruled.**

On review of Objection Nos. 3–9, the Court concludes that they cannot be construed as "proper objections" to the R&R, Dkt. No. 4. The objections are as follows:

- The R&R "failed to address Petitioner's Request for Certification in the 28 U.S.C. § 2241." Dkt. No. 5 at 1.

- The R&R "failed to address Petitioner's Affidavit in Support of 28 U.S.C. § 2241." *Id.*

ORDER - 2

- The R&R "failed to take Judicial Notice pursuant to mandatory provision of section (b) nor was Petitioner allowed to be heard pursuant to section (e). *Id*. at 2 (citing "ER 201").

- The R&R "failed to order the respondent to produce a certified copy of the Arrest Warrant, which is necessary for claimed adjudication." *Id*. (citing *Brady v. Maryland*, 373 U.S. 83 (1963)).

- The R&R "failed to consider whether or an evidentiary hearing would benefit a merits resolution, or Petitioner's right to contest factual disputes and expand the record. *Id*. (citing *Townsend v. Sain*, 372 U.S. 293 (1963) and *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011)).

- The R&R "asserts a [p]rocedural [d]efense without any party asserting the defense." *Id*. (citing *Trest v. Cain*, 522 US. 87, 88 (1977) and *O'Neal v. McAninch*, 513 U.S. 432, 437–444 (1995) (Cook quotes the phrase, "defendant bears the risk of equipoise")).

- The R&R "recharacterizes the Petitioner from a 28 U.S.C. § 2241 to a 28 U.S.C. § 2254." *Id*.

These objections appear to be form objections that Bell intends to file in the event that Judge Tsuchida recommends dismissal of Bell's habeas petition down the road. As Bell's arguments do not address the substance of the R&R whatsoever, the Court does not consider them to be proper objections to the R&R—much less "specific" objections to "proposed findings and recommendations." Fed. R. Civ. P. 72(b), (3). In any event, the Court has already reviewed the R&R on Bell's IFP application de novo and agrees with its conclusion. Neither the law nor the information presented in Objection Nos. 3–9 requires the Court to find otherwise.

## 2. ORDER

Having reviewed, de novo, the Report and Recommendation of the assigned United States Magistrate Judge, the objections, and the record, the Court ORDERS:

- The Court ADOPTS the Report and Recommendation, Dkt. No. 4, and DENIES Petitioner's application to proceed in forma pauperis.

- Petitioner's deadline to pay the filing fee is September 27, 2024. If the filing fee is not paid, the Court will consider this case dismissed without prejudice and direct the Clerk of the Court to close it.

- The Clerk of the Court is DIRECTED to provide a copy of this Order to Petitioner.

Dated this 13th day of September, 2024.

*[signature]*

Jamal N. Whitehead
United States District Judge