UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARREN E. BELL, JR., | CASE NO. 2:24-cv-01204-JNW |
| Petitioner, | ORDER |
| v. | |
| JASON BENNETT, Superintendent, Stafford Creek Corrections Center, | |
| Respondent. | |

# 1. INTRODUCTION

At the direction of the Ninth Circuit, the Court reconsiders its orders at Dkt. Nos. 25 and 34, which denied Petitioner Warren Bell's motions for relief from judgment—Dkt. Nos. 24 and 27 respectively—on procedural grounds; the Court considers those motions, now, on the merits. *See* Dkt. No. 36. The Court also considers Bell's motions for relief from judgment at Dkt. Nos. 37–39.

# 2. BACKGROUND

On September 13, 2024, the Court adopted the Report and Recommendation ("R&R") of Magistrate Judge Brian A. Tsuchida, overruling Bell's objections. *See* Dkt. No. 14. The R&R recommended denying Bell's application to proceed in forma

ORDER - 1

pauperis ("IFP") because Bell had sufficient funds to pay the $5.00 filing fee for his habeas petition. *See* Dkt. No. 4.

Bell moved for reconsideration, and when the Court reviewed its decision, it found that it had stated the law incorrectly in its order adopting the R&R. *See* Dkt. No. 18 at 1. When the Court reviewed its decision under the correct law, it reached the same conclusion on Bell's IFP status; it found that he had sufficient funds to pay the $5.00 filing fee. *Id*. at 3.

Bell has filed five motions requesting relief from the Court's September 13th judgment under Federal Rule of Civil Procedure 60(b)(4). Dkt. Nos. 24, 27, 37, 38, and 39. The Court previously denied the motions at Dkt. Nos. 24 and 27 on procedural grounds, but now reconsiders them and decides them on the merits, along with the pending motions at Dkt. Nos. 37–39. *See* Dkt. No. 36 (9th Cir. Order).

### 3. DISCUSSION

Under Rule 60(b)(4), a final judgment is void "only if the court that considered it lacked jurisdiction . . . or acted in a manner inconsistent with due process." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). Given its duty to construe pro se pleadings liberally, the Court also construes Bell's pending motions as motions for relief under Rule 60(b)(6). *See Bennett v. Bennett*, Case No. C24-0272-JLR, 2024 WL 3316438, at *2 (W.D. Wash. July 5, 2024) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.1 (2005) (finding the substance of the petitioner's motion made it clear that he requested relief under Rule 60(b)(6)). Rule 60(b)(6) allows the district court to relieve a party from final judgment for any justifiable reason. Fed.

R. Civ. P. 60(b)(6). But the party seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" that "justify the reopening of a final judgment." *Bennett*, 2024 WL 3316438, at *2 (quoting *Gonzalez*, 545 U.S. at 535 (internal quotes omitted)).

In four of his five motions for relief from judgment, Bell argues that the Court "violated the Magistrate's Act and Habeas Rule 8(b) by failing to conduct a de novo review" of other motions that he had previously filed—motions unrelated to the Court's adoption of the R&R. Dkt. Nos. 24 at 1, 27 at 1, 38 at 1, 39 at 1. "The Federal Magistrates Act, 28 U.S.C. §§ 631–39, governs the jurisdiction and authority of federal magistrates." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003). The Act expressly empowers magistrate judges to submit reports and recommendations to district court judges on "applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrates Act only requires a district court to review an R&R de novo when a party objects to the R&R. 28 U.S.C. § 636(b)(1) (Courts must review de novo any "portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."); *see also Reyna-Tapia*, 328 F.3d at 1121 (clarifying that the Federal Magistrates Act dictates *when* the district court must conduct de novo review). *Reyna-Tapia*, 328 F.3d at 1121 (emphasis in original) (citing *Peretz v. United States*, 501 U.S. 923, 937–939 (1991) (holding that de novo review is not required unless requested)).

ORDER - 3

Contrary to Bell's assertion, the law does not require the Court to review de novo his motions, which were unrelated to the R&R on his IFP status. Additionally, to play it safe, the Court *did* review the R&R's conclusions de novo. Accordingly, Bell's argument fails.

Bell also cites Rule 8(b) of the Rules Governing Section 2254 Cases and Section 2255 Proceedings in each of his motions. Dkt. Nos. 24 at 1, 27 at 1, 37 at 1, 38 at 1, 39 at 1. That rule reiterates that magistrate judges may hold evidentiary hearings. It does not require the Court to conduct a de novo review of the R&R, nor does it provide grounds to relieve Bell from the Court's judgment here.

Next, each of Bell's motions maintains that the Court "fail[ed] to apply Supreme Court precedent in the determination of the Fourth Amendment." Dkt. Nos. 24 at 2, 27 at 2, 37 at 2, 38 at 2, 39 at 2. He cites *Williams v. Taylor*, 529 U.S. 362 (2000), generally and without explanation. *See id*. The Court did not make any findings related to the Fourth Amendment, and upon review, the precedent cited does not contradict the Court's process, findings, or conclusions in this case.

In his motion at Dkt. No. 37, Bell cites *Trest v. Cain*, 522 U.S. 87 (1997), and contends that the Court "violated the Magistrate's Act and Habeas Rule 8(b) by asserting a procedural defense not made by respondent." Dkt. No. 37 at 1. In *Trest*, the Supreme Court discussed the procedural default rule applicable to habeas cases, stating, "procedural default is normally a 'defense' that the State is 'obligated to raise' and 'preserv[e]' . . . ." 522 U.S. at 89 (quoting *Gray v. Netherland*, 518 U.S. 152, 166 (1996)). This case is irrelevant to the Court's decision on Bell's IFP status. Likewise, Bell's citation to *Gomez v. United States*, 490 U.S. 858, 864–69, n.28

ORDER - 4

(1989) and *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009) is unpersuasive, as those cases are inapplicable to the Court's IFP status. *See* Dkt. Nos. 24 at 2, 27 at 2, 37 at 2, 38 at 2, 39 at 2.

Finally, each of Bell's motions requests a certificate of appealability. Dkt. Nos. 24 at 2, 27 at 2, 37 at 2, 38 at 2, 39 at 2. A certificate of appealability "should only issue for [an] appeal arising from the denial of a Rule 60(b) motion in a section 2255 proceeding if the movant shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying Section 255 motion states a valid claim of the denial of a constitutional right." *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015). As Bell has shown neither, a certificate of appealability will not issue.

### 4.  CONCLUSION

Accordingly, the Court ORDERS:

- The Court RECONSIDERS its Orders at Dkt. Nos. 25 and 34, which denied Bell's motions at Dkt. Nos. 24 and 27 on procedural grounds. It considers Bell's motions at Dkt. Nos. 24 and 27 on the merits.
- The Court DENIES Bell's Motions at Dkt. Nos. 24, 27, 37, 38, and 39.
- The Court DENIES certificates of appealability.

Dated this 4th day of December, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 5